IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BASEMORE, | : | Civil No. 1:22-CV-01700 |
| Plaintiff, | : | |
| v. | : | |
| THEODOOR VOORSTAD, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Pending before the court are Defendants' motions to dismiss the amended complaint. (Docs. 78, 80, 114.) Also pending is Plaintiff's unsupported motion for relevance. (Doc. 93.) The court will grant the motion to dismiss filed by Defendant Herb, but will refrain from addressing the remaining pending motions to dismiss for sixty days to allow Plaintiff to present the necessary order from the United States Bankruptcy Court for the Southern District of Texas confirming the opt-out of the Plan's Third-Party Release. The court will also deem the motion for relevance as withdrawn.

### PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint under 42 U.S.C. § 1983 against nine defendants in October of 2022. (Doc. 1.) Of the nine defendants, Plaintiff could only identify the following six: (1) Theodoor Voorstad, ("Voorstad"), the medical director at the State Correctional Institution at Camp

1

Hill, Pennsylvania ("SCI-Camp Hill"); (2) William Nicklow ("Nicklow"), Deputy Superintendent of Centralized Services at SCI-Camp Hill; (3) Laurel Harry ("Harry"), Facility Manager at SCI-Camp Hill; (4) Beth Herb ("Herb"), Correctional Health Care Administrator at SCI-Camp Hill; (5) Tony Heist ("Heist"), the Facility Grievance Coordinator at SCI-Camp Hill; and (6) Keri Moor, Assistant Chief Grievance Officer for the Pennsylvania Department of Corrections ("DOC"). (*Id*, pp. 3–5, 7–8.)[1] The remaining three defendants were identified as unknown, with one identified as a nurse and the other two identified as the "Contracted Medical Health Vendor." (*Id*., pp. 5, 7–8.) The complaint raised an Eighth Amendment deliberate indifference to a serious medical need claim, a Fourteenth Amendment due process claim, and a First Amendment right to freedom of expression claim all stemming from Plaintiff's discontinued course of hormone treatment at SCI-Camp Hill. (*Id*., pp. 14–17.) On November 10, 2022, Plaintiff identified the two unnamed medical vendor defendants as Wellpath Care ("Wellpath") and Centurion Managed Care ("Centurion"). (Doc. 6.)

Following service, the eight named defendants filed motions to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Docs. 19, 25, 28.) Before these motions were addressed by the court, Plaintiff filed a motion to

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

amend the complaint. (Doc. 30.) On February 27, 2023, the court granted Plaintiff's motion and filed the amended complaint. (Doc. 33.)

In the amended complaint, Plaintiff identified two additional defendants: (1) Matt Grimes ("Grimes"), a "Psychologist" at SCI-Camp Hill; and (2) Ademola Bello ("Bello") a Psychiatrist at SCI-Camp Hill. (Doc. 32, p. 2.) Plaintiff continued to identify an unnamed defendant: "Jane Doe", a registered nurse at SCI-Camp Hill. (*Id.*, p. 3.) In March and April of 2023, all Defendants filed motions to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 46, 48, 60.) On March 30, 2023, Plaintiff filed a motion to amend/correct the amended complaint. (Doc. 53.) However, a review of this document demonstrated that Plaintiff was not seeking leave to file a second amended complaint, but instead to notify the court that there was an error in the amended complaint asserting that Defendant Grimes does not have a qualifying Master's Degree and requesting discovery to prove that such a degree exists. (*Id.*)

On February 1, 2024, the court entered a memorandum and order dismissing all claims without prejudice except the Eighth Amendment claim against Defendant Voorstad. (Docs. 75, 76.) The court granted Plaintiff leave to amend the complaint. (Doc. 76.)

On February 27, 2024, Plaintiff filed a second amended complaint. (Doc. 77.) This second amended complaint named Voorstad, Herb, and Wellpath as

3

Defendants. (*Id*.) In March of 2024, all Defendants filed motions to dismiss the second amended complaint. (Docs. 78, 80.) Plaintiff filed a motion of relevancy on June 6, 2024. (Doc. 93.)

On November 1, 2024, while these motions were pending, Defendant Voorstad filed a suggestion of bankruptcy stating that Wellpath had filed bankruptcy in the United States Bankruptcy Court in the Southern District of Texas. (Doc. 95.) The court then stayed the action on February 14, 2025. (Doc. 106.) On May 16, 2025, Defendants Wellpath and Voorstad entered a status report stating that on April 30, 2025, the Bankruptcy Court confirmed Wellpath's plan of reorganization and extended the automatic stay until May 7, 2025. (Doc. 112.) On May 19, 2025, the court entered an order lifting the stay in the above captioned matter. (Doc. 113.)

On August 19, 2025, Defendants Wellpath and Voorstad filed a motion to dismiss alleging that Plaintiff did not elect to opt out of the Plan's Third-Party Release. (Doc. 114.) On September 8, 2025, the court received Plaintiff's response to the motion to dismiss alleging that the opt out packet was delayed, resulting in an inability to meet the deadline to opt out of the Plan's Third-Party Release. (Doc. 116.) Plaintiff asked the court to not dismiss the claims against Wellpath and Defendant Voorstad. (*Id*.) On September 29, 2025, the court entered an order stating that it could not change Plaintiff's status under the Third-Party

4

Release in the Wellpath Bankruptcy and that "Plaintiff will have to seek the proper relief from the bankruptcy court." (Doc. 117.) The court entered a second stay in this action to allow Plaintiff to seek relief from the Bankruptcy Court. (*Id*.) On November 25, 2025, Plaintiff filed a supplemental motion in opposition to Defendants' motion to dismiss stating that she submitted a motion seeking relief to opt out to the Bankruptcy Court and asking that this court deny Defendants' motion to dismiss. (Docs. 120, 121.)

The court reviewed the docket in the Wellpath Bankruptcy, and confirmed that Plaintiff filed two motions seeking to have her opt out deemed timely. *In re Wellpath SF Holdco, LLC*, No. 24-90566 (Bankr. S.D. Tex.), Docs. 806, 810. The motions were considered during a hearing on November 25, 2025 and the docket summarizes the minutes of that proceeding and includes the following statement: "Motions granted; orders to be entered by the Court on: 806, 810, 787." *Id*., Docs. 836, 1011. However, none of the remaining documents on the Bankruptcy Court's docket appear to address Documents 806 and 810. Therefore, it is unclear if there is an order granting Plaintiff the relief sought from the Bankruptcy Court.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue

5

is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Camp Hill, located in Cumberland County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## **MOTION TO DISMISS STANDARD**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

6

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which

7

affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## Discussion

### A. Summary of Second Amended Complaint

The second amended complaint names Voorstad, Herb, and Wellpath as Defendants. (Doc. 77.) Plaintiff alleges that while housed at SCI-Camp Hill on July 22, 2020, she had a Tele-Med video meeting with Dr. Ademola Bello and was diagnosed as Gender Dysphoric. (*Id.*, p. 4.) Plaintiff alleges that Dr. Bello told her that "[t]hey may start your right away," with hormone therapy. (*Id.*) She states that treatment started on July 24, 2020. (*Id.*) She states that hormone therapy was "abruptly/peremptorily" stopped and in a meeting with Defendant Voorstad was told "[y]ou have to wait like everyone else" and "If I do it for you we'll have to do it for everyone." (*Id.*) Plaintiff alleges that eight months after her diagnosis, she was told that her diagnosis was "stripped away." (*Id.*, p. 5.) Plaintiff states she was told that proper channels were not taken in her care and treatment and that proper channels were now being followed. (*Id.*)

Plaintiff alleges that on September 28, 2022, she brought her family history of cardiovascular complaints to the medical department's attention. (*Id.*, p. 6.) On

October 10, 2022, Plaintiff states that she met with Physician Assistant Justin Rutherford and confirmed that her age group put her at risk.  (*Id.*)

Plaintiff alleges that she filed a grievance.  (*Id.*)  Plaintiff states that chemical castration is clinically documented as the end results of treatment and that she was never afforded birth control options as stipulated in the consent form.  (*Id.*)  She alleges that Defendant Voorstad's maladministered treatment and the deprivation of birth control options led to physicochemical changes that have altered her reproductive functioning.  (*Id.*)

Plaintiff states that she identifies as female and a lesbian.  (*Id.*, pp. 6, 8.)  Plaintiff states that she was deprived of hormone treatment for eighteen months.  (*Id.*, p. 6.)

Based on these facts, Plaintiff brings Eighth Amendment and Equal Protection claims against Defendant Voorstad.  (*Id.*, pp. 9–10, 12.)  Plaintiff alleges that Wellpath and Defendant Herb failed to properly train staff in the treatment of Gender Dysphoria.  (*Id.*, pp. 11–12.)

### B. Defendant Herb's Moton To Dismiss Will Be Granted.

On March 12, 2024, Defendant Herb filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 78.)  Plaintiff has failed to allege any personal involvement on the part of Defendant Herb.  Therefore, the motion will be granted and the claims dismissed.

Plaintiff bases liability on Defendant Herb's position as Correctional Health Care Administrator. However, Plaintiff fails to allege that Defendant Herb is a medical professional. Instead, Plaintiff alleges that she is an administrator. (Doc. 77, p. 11.)

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that her medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted). A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Third Circuit has stated that "[p]rison officials who are not physicians are entitled to defer to the medical judgment of staff physicians, *see Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993), and an administrator does not become

10

responsible for the inmate's medical treatment simply by virtue of reviewing an inmate grievance." *Smith v. O'Boyle*, 251 Fed. Appx 87, 89 (3d Cir. 2007). Furthermore, DOC policy places overall responsibility for diagnosis and treatment of Gender Dysphoria on the Department of Chief Psychiatrist, the Department Chief of Clinical Services, and the Department Director of Psychology. DOC Policy 13.2.1 § 19(a).

    Here, Plaintiff has clearly alleged that she was under the care of multiple medical professionals during the time period at issue. Therefore, Plaintiff has failed to establish that Defendant Herb, in her role as Correctional Health Care Administrator, is liable under the Eighth Amendment for the termination of treatment. The amended complaint also does not include any facts in support of a Fourteenth Amendment claim against Defendant Herb.

    Plaintiff attempts to establish liability premised on the failure to train theory. (Doc. 77, pp. 11–12.) Supervisory liability under § 1983 utilizes the same standard as municipal liability. *See Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir. 1999). A supervisor will only be liable for the acts of a subordinate if he or she fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights. *See Id. at* 357. To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory practice; (2) the existing custom created an unreasonable risk of injury

11

in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice. *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)).  Here, Plaintiff alleges that "in being a ward under the state [she] is also under the effects of annual report policy and thus under the contract that governs her treatment.  The BHCS' Chief of Clinical Services communicates directly with the medical professional, in particular Defendant Beth Herb, in the carrying out the treatment of transgender care." (Doc. 77, p. 11.)  Nothing in this allegation establishes supervisory liability.  Being in communication with an administrator concerning the care of a patient is not sufficient to establish liability.  *See Durmer*, 991 F.2d at 69.  Therefore, all claims against Defendant Herb will be dismissed.

Since Plaintiff has been provided multiple opportunities to cure the defects in her claims against Defendant Herb, and has again failed to state a claim, the court will grant the dismissal with prejudice.

### C. Additional Information is Necessary to Address Medical Defendants' Motion to Dismiss.

Defendants Wellpath and Voorstad ("the Medical Defendants") both have a pending motion to dismiss the second amended complaint on its merits, Doc. 80, and a motion to dismiss based on Plaintiff's alleged failure to opt out of the Plan's

Third-Party Release, Doc. 114.  As the dockets in this action and in the Bankruptcy Court currently stand, there is not sufficient information for this court to determine whether Plaintiff has properly opted out of the Plan's Third-Party Release.  Therefore, it cannot address the pending motion at this time.  The court will grant Plaintiff an additional sixty days to produce evidence to the court demonstrating that she has properly opted out of the Plan's Third-Party Release.  Failure to timely produce this evidence will result in the court granting the Medical Defendants' second motion to dismiss based on a failure to opt out.

### D. Plaintiff's Motion for Relevance Will Be Deemed Withdrawn.

Plaintiff filed a motion for relevance on June 6, 2024.  (Doc. 93.)  She did not file a brief in support of her motion.

Local Rule 7.5 states, in pertinent part, that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."  Without a brief in support of the motion, the court has insufficient information to determine whether it is appropriate to grant or deny the motion at this time.  Therefore, the court will deem the motion withdrawn.

## CONCLUSION

For the reasons set forth above, Defendant Herb's motion to dismiss will be granted.  Plaintiff will be granted sixty days to produce evidence to this court that she has opted out of the Plan's Third-Party Release.  Failure to produce this evidence will result in the Medical Defendants' motion to dismiss being granted.  Plaintiff's motion for relevance will be deemed withdrawn.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 23, 2026